J-S47035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BURL NEIL CORBETT, | : | |
| | : | |
| Appellant | : | No. 125 MDA 2019 |

Appeal from the PCRA Order Entered December 27, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005456-2007

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED JANUARY 13, 2020**

Burl Neil Corbett ("Corbett"), *pro se*,[1] appeals from the Order dismissing

his first Petition for Relief filed pursuant to the Post Conviction Relief Act

("PCRA").[2]  We affirm.

In an Opinion filed on October 15, 2009, the trial court summarized the

facts underlying the instant appeal as follows:

> On October 20, 2007, at approximately 5:19 P.M., [Corbett]
> called 9-1-1 to report that he had just shot and killed his daughter-
> in-law, Carolyn Corbett [("Carolyn")].  [Corbett], then[] called his
> son[,] … Carolyn's husband, Anson Corbett [("Anson")], to tell him
> that he had just shot and killed [Anson's] wife.
>
> In response to the 9-1-1 phone call, Corporal Wayne Elser
> [("Corporal Elser")] of the Pennsylvania State Police arrived at

---

[1]　Corbett's counsel withdrew from representation, pursuant to
***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth
v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] 42 Pa.C.S.A. §§ 9541-9546.

[Corbett's] residence …. Corporal Elser found [Corbett] sitting at a picnic table in front of the residence. After securing the scene, Corporal Elser, with the aid of Officer Essig of the Robeson Township Police Department, placed [Corbett] under arrest for murder. Immediately thereafter, Corporal Elser entered the residence and observed Carolyn [] lying facedown on the floor[,] in a pool of blood.

Trial Court Opinion, 10/15/09, at 2.

A jury convicted Corbett of one count each of first-degree murder and possession of an instrument of crime ("PIC"), and two counts of aggravated assault.[3] The trial court sentenced Corbett to life in prison for his conviction of first-degree murder, and a consecutive prison term of two and one-half to five years for his conviction of PIC.[4] On direct appeal, this Court affirmed Corbett's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Corbett**, 13 A.3d 977 (Pa. Super. 2010) (unpublished memorandum), **appeal denied**, 29 A.3d 370 (Pa. 2011).

On October 5, 2012, Corbett timely filed the instant *pro se* Petition for Relief pursuant to the PCRA. The PCRA court appointed counsel, who subsequently filed a Petition to Withdraw from representation, and a No-Merit Letter pursuant to **Turner** and **Finley**. After a hearing, the PCRA court issued Pa.R.A.P. 907 Notice of Intent to Dismiss the Petition. The PCRA court

---

[3] **See** 18 Pa.C.S.A. §§ 2502(a), 907, 2702.

[4] The convictions of aggravated assault merged for sentencing purposes.

- 2 -

subsequently entered an Order granting counsel leave to withdraw from representation, and dismissing the PCRA Petition. Thereafter, Corbett, *pro se*, filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Corbett presents the following claims for our review:

1) Did the [PCRA court] err in dismissing [Corbett's] PCRA [P]etition[, which claimed that] trial counsel was ineffective for failing to conduct proper face-to-face interviews with [Corbett]?

2) Did the [PCRA court] err in dismissing [Corbett's] PCRA [P]etition[, which claimed that] trial counsel was ineffective for failing to interview and/or investigate potential witnesses from the Birdsboro Fire Company bar, the Birdsboro American Legion bar, and the Birdsboro Sportsm[an's] Club?

3) Did the [PCRA court] err in dismissing [Corbett's] PCRA [P]etition[, which claimed that] trial counsel was ineffective for failing to have the .22 caliber rifle "crime weapon" fingerprinted for [Carolyn's] fingerprints?

4) Did the [PCRA court] err in dismissing [Corbett's] PCRA [P]etition[, which claimed that] trial counsel was ineffective for failing to request and provide an expert [b]lood [a]nalysis/[b]lood spatter rebuttal witness?

5) Did the [PCRA court] err in dismissing [Corbett's] PCRA [P]etition[, which claimed that] trial counsel was ineffective for failing to personally visit the crime scene?

6) Did the [PCRA court] err in dismissing [Corbett's] PCRA [P]etition[, which claimed that] trial counsel was ineffective for denying [Corbett's] constitutional right[] to confront his accusers by entering into six (6) stipulations to uncontested testimony[,] without consulting with [Corbett] or arranging [] on-the-record colloqu[ies]?

Brief for Appellant at 5-6 (quotation mark omitted).

As our Supreme Court has explained,

[i]n reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error.  The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Natividad*, 200 A.3d 11, 25 (Pa. 2019) (citations omitted).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.A. § 9543(a)(2).  These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* § 9543(a)(2)(ii).

Corbett first argues that the PCRA court improperly rejected his claim that trial counsel rendered ineffective assistance by failing to conduct face-to-face interviews with him prior to trial.  Brief for Appellant at 11.  Corbett asserts that, during his first video conference with counsel, counsel urged him to accept a plea bargain to third-degree murder, despite Corbett's claim that he had acted in self-defense. *Id.*  Corbett contends that "[c]ounsel's unreasonable failure to prepare for trial, which … includes meeting [with] his client face[-]to[-]face in order to observe [Corbett's] body language and composure, or lack thereof, and to judge more accurately the veracity of his claims, demonstrates counsel's general lack of interest." *Id.*  According to

Corbett, "[g]iven that Berks County Prison is less than a twenty-minute drive from the [c]ourthouse," counsel's failure to arrange face-to-face meetings "not only constitutes shoddy legal practice, but demonstrates counsel's indifference to his client's interests." *Id.* According to Corbett, counsel's failure to meet personally with his client showed that counsel failed to conduct a reasonable investigation of the case. *Id.*

We review a claim of ineffective assistance of counsel under the following standard:

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> To prevail on his ineffectiveness claims, [the a]ppellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the a]ppellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted).

> Regarding the reasonable basis prong of the ineffectiveness test, we will conclude that counsel's chosen strategy lacked a reasonable basis only if the petitioner proves that the alternative strategy not selected offered a potential for success substantially greater than the course actually pursued. To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness.

*Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013).

In its Opinion, the PCRA court addressed Corbett's claim and concluded that it lacks merit. *See* PCRA Court Opinion, 3/15/19, at 5-6. We agree with the PCRA court's analysis and conclusion, and affirm on the basis of its Opinion with regard to Corbett's first claim. *See id.*

In his second claim, Corbett argues that his counsel rendered ineffective assistance by not interviewing and investigating potential witnesses from the bars at the Birdsboro Fire Company, American Legion, and Sportsman's Club. Brief for Appellant at 13. Corbett contends that witnesses from these bars informed the Pennsylvania State Police that Carolyn had a drinking problem, and a tendency to be violent. *Id.* at 14. According to Corbett, several months before trial, he learned from a friend that Carolyn had "stopped at the bar of the Birdsboro American Legion, where she allegedly bragged to the bartender that she intended to go out to [Corbett's] home to 'drink all of his beer and raise hell[.]'" *Id.* at 14-15. Corbett asserts that he brought this to his trial counsel's attention during trial, following the testimony of Commonwealth witness Timothy Davidheiser ("Davidheiser"). *Id.* at 15. Davidheiser, Corbett argues, personally visited Corbett's daughter, to ask why trial counsel had not interviewed witnesses from the bars. *Id.* When brought to his counsel's attention, counsel purportedly sent an investigator to check with these witnesses, but then concluded that the information was "hearsay." *Id.* at 15-16. Corbett claims that, had counsel interviewed Davidheiser prior to trial, "the investigation would have inevitably led to potential witnesses[,] who had

observed [Corbett's] behavior and heard [Carolyn's] voiced intention" to go to Corbett's home and cause trouble. *Id.* at 16-17. According to Corbett, counsel's failure prejudiced his ability to establish his claim of self-defense. *Id.* at 17.

In order to establish ineffective assistance of counsel for failing to call or investigate a witness, "[an] appellant must demonstrate [(1)] the names and whereabouts of the witnesses, [(2)] the substance of their testimony, [(3)] how they would have appreciably strengthened his defense ...[, and (4)] that his trial counsel knew of the existence of the witnesses who should have been called." *Commonwealth v. Hunter*, 554 A.2d 550, 558 (Pa. Super. 1989) (citations omitted).

In its Opinion, the PCRA court reviewed this claim and concluded that it lacks merit. *See* PCRA Court Opinion, 3/15/19, at 6. We affirm on the basis of the PCRA court's Opinion with regard to this claim. *See id.*

In his third claim, Corbett argues that his counsel rendered ineffective assistance by failing to have the rifle tested for fingerprints. Brief for Appellant at 18. Corbett contends that "it was the jury's job to decide if [Carolyn's] fingerprints on the rifle constituted proof that [Carolyn] had first seized the rifle in a foiled attempt to shoot [Corbett] …." *Id.* According to Corbett, counsel's failure to have the weapon tested "made it impossible for [Corbett] to prove that [Carolyn] had seized it in anger." *Id.* at 19.

In its Opinion, the PCRA court addressed this claim and concluded that it lacks merit. *See* PCRA Court Opinion, 3/15/19, at 6-7. We agree with the sound reasoning of the PCRA court, and affirm on this basis with regard to Corbett's third claim. *See id.*

In his fourth claim, Corbett argues that his counsel rendered ineffective assistance by failing to request and provide an expert witness on blood analysis to rebut the Commonwealth's witnesses. *See* Brief for Appellant at 20. Corbett contends that Forensic Pathologist Neal Hoffman, M.D. ("Dr. Hoffman"), presented "a series of unchallenged speculations about the position of the [victim's] hands and what they may have been handling at the time of her death[.]" *Id.* Corbett asserts that Berks County Detective Robert F. Johnson also presented "yet another highly speculative theory about the symbiotic relationship between the position of the [victim's] hand and that of the two beer cans on the floor at her feet, a theory based on the evaluation of a crime scene that he had never visited, only studied via photographs." *Id.* at 21. According to Corbett, Dr. Hoffman's detailed testimony regarding the flow of blood on the floor defied the law of physics, and that Dr. Hoffman's reliance on erroneous data was not challenged during cross-examination. *Id.* at 21-22. Corbett disputes the opinions rendered by Dr. Hoffman regarding his belief that Carolyn had been holding two beer cans at the time that she

was shot. *Id.* at 22-25. Corbett argues that his counsel should have called an expert to refute this testimony.[5] *Id.* at 20, 24.

Our review of the record discloses that Corbett did not raise this claim in his PCRA Petition. Accordingly, it is waived. *See* Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal). Even if Corbett had properly preserved this claim, we would conclude that it lacks merit, for the reasons set forth in the PCRA court's Opinion. *See* PCRA Court Opinion, 3/15/19, at 17.

In his fifth claim, Corbett argues that his counsel rendered ineffective assistance by not personally viewing the crime scene. Brief for Appellant at 27. Corbett explains that the incident took place

> in a tiny room only 11' by 9'3"[,] … a room whose useable space was limited by the presence of an upright piano and bench, a washer and dryer combo, a triangular corner closet, a large gasoline-powered generator, a portable air compressor (over which [Corbett] tripped during [Carolyn's] attack), a tool box, and a number of small tools. A narrow walkway approximately 2-3 [inches] wide permitted passage from the front door to the slightly bigger … kitchen, and it was in this narrow slot where the [Carolyn's] facedown body was discovered, two beer cans at her feet.

Brief for Appellant at 27-28. Corbett contends that, had counsel visited the scene, he could have damaged the Commonwealth's theory that Carolyn was

---

[5] In his brief, Corbett discusses evidence not presented to the PCRA court. *See* Brief for Appellant at 25. We cannot consider this evidence on appeal. *See Commonwealth v. Bracalielly*, 658 A.2d 755, 763 (Pa. 1995) (stating that appellate courts may only consider facts which have been duly certified in the record on appeal).

holding beer cans at the time of the shooting, based upon the position of those cans. *Id.* at 28. According to Corbett, counsel's failure to visit the scene, and "personally vouch to the tiny area in which the tragedy played out, damaged [his] ability to refute the prosecution's injurious speculations." *Id.*

Corbett fails to identify what evidence counsel could have presented regarding the crime scene, which was not depicted in the photographs shown to the jury or described by the witnesses. Corbett further fails to demonstrate how the outcome of the trial would have been different, had counsel personally visited the scene. Because Corbett has failed to demonstrate prejudice resulting from counsel's failure to visit the crime scene, we cannot grant him relief on this claim. *See Elliott*, 80 A.3d at 427.

In his sixth claim, Corbett argues that his counsel denied him his right to confront his accusers, by entering into six stipulations, without an on-the-record colloquy of Corbett. *See* Brief for Appellant at 30. Corbett contends that his counsel failed to explain to him the consequences of stipulating to certain evidence, and no on-the-record colloquy was given by the trial court. *Id.* at 31. Corbett asserts that the stipulations violated his right to confront the witnesses against him, in violation of the Sixth Amendment to the United States Constitution. *Id.* at 32-33.

In its Opinion, the PCRA court addressed Corbett's claim and concluded that it lacks merit. *See* PCRA Court Opinion, 3/15/19, at 8-9. We agree with the sound reasoning of the PCRA court, and affirm on this basis with regard

to Corbett's sixth claim. ***See id.***; ***see also Commonwealth v. Brown***, 18 A.3d 1147, 1163 (Pa. Super. 2011) (explaining that "the decision as to ... what agreements to enter about admission of evidence are rights that a lawyer may relinquish on behalf of a defendant[,] without the defendant's express consent. These matters relate to the conduct of trial and strategy, and in the absence of ineffectiveness in making the decision, … the client is bound by his counsel's decision….").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020